1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10

11    JOSE TORRES,                    )   Case No. CV 08-5443-CJC (OP)
                                      )
12                    Petitioner,     )   ORDER TO SHOW CAUSE RE:
                                      )   DISMISSAL OF PETITION FOR
13          v.                        )   WRIT OF HABEAS CORPUS BY A
                                      )   PERSON IN STATE CUSTODY
14                                    )   (28 U.S.C. § 2254) AS UNTIMELY
      V. ALMAGER, WARDEN,             )
15                                    )
                      Respondent.     )
16                                    )
                                      )
17    _____

18                               **I.**

19                        **INTRODUCTION**

20          On July 26, 2008, Jose Torres ("Petitioner"), constructively filed a Petition

21    for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. §

22    2254 in the United States District Court for the Southern District of California.[1]

23    _____

24          [1]  The prison mailbox rule holds that a habeas petitioner's state and federal

25    filings are constructively filed when turned over to prison officials for forwarding

26    to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.

      2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has

27    utilized the signature date on the current Petition as the relevant filing date since

28    the signature date is the earliest date on which Petitioner could have turned the

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

2    United States District Courts, the Court has examined the current Petition and

3    finds that it plainly appears from its face that Petitioner is not entitled to relief in

4    the district court.  Specifically, the Court finds that the Petition is subject to

5    summary dismissal because the information provided indicates that the Petition is

6    untimely.

7                                    **II.**

8                          **PROCEDURAL HISTORY**

9    According to the Petition, in 1998, Petitioner pleaded guilty in the Los

10   Angeles County Superior Court, case no. KA040863, voluntary manslaughter and

11   use of a firearm during the commission fo a felony.  (Pet. at 2.)  In 1998,

12   Petitioner was sentenced to a total state prison term of fifteen years.  (Id.)

13   The Petition is silent as to whether Petitioner appealed the judgment of

14   conviction to the California Court of Appeal or whether he filed a petition for

15   review in the California Supreme Court.  (Id. at 2, 3.)  The Court's independent

16   review of the California State Courts' website does not reveal the filing of a direct

17   appeal or a petition for review by Petitioner which corresponds to the Los

18   Angeles County Superior Court case number listed above.  (Official Records of

19   California Courts.[2])

20   Petitioner filed a habeas corpus petition in the Los Angeles County

21   Superior Court which was denied in 2007.  (Pet. at 4.)  Petitioner then filed a

22   habeas corpus petition in the California Court of Appeal which also was denied in

23

24

25   Petition over to the prison authorities for mailing.

26   [2]  The Court takes judicial notice of the state appellate court records for
     Petitioner's cases, which are available on the Internet at http://appellatecases.
27   courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial
28   notice of relevant state court records in federal habeas proceedings).

                                    2

1   2007.  (Id.)  On December 13, 2007, Petitioner filed a habeas corpus petition in

2   the California Supreme Court which was denied on June 11, 2008.  (Id.; Official

3   Records of California Courts.)  On July 26, 2008, Petitioner constructively filed

4   the current Petition.

5        For the reasons discussed below, Petitioner is ordered to show cause why

6   the current Petition should not be dismissed with prejudice as untimely.

7   **III.**

8   **DISCUSSION**

9   **A.**   **Standard of Review.**

10       This Court may entertain a habeas application on behalf of a person who is

11  in custody pursuant to a state court judgment and in violation of the Constitution,

12  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

13  neither grant the writ nor order a return if it appears from the application that the

14  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears

15  from the face of the petition and any exhibits annexed to it that the petitioner is

16  not entitled to relief in the district court, the judge must dismiss the petition and

17  direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section

18  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also

19  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is

20  appropriate where the allegations in the petition are vague or conclusory, palpably

21  incredible, or patently frivolous or false).  Further, the Court has the authority to

22  raise the statute of limitations issue *sua sponte* and to dismiss the petition on

23  those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

24  However, that authority should only be exercised after a petitioner is provided

25  with adequate notice and an opportunity to respond.  Id.

26  **B.**   **The Petition Was Not Filed Within the Limitation Period.**

27       The current Petition was filed after the Antiterrorism and Effective Death

28

3

1    Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the

2    AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. §

3    2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th

4    Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on

5    which the judgment became final by conclusion of direct review or the expiration

6    of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

7          As discussed above, in 1998, Petitioner was sentenced after a guilty plea to

8    voluntary manslaughter and use of a firearm during the commission of a felony.

9    (Pet. at 2.)  Since Petitioner did not file a direct appeal, his conviction became

10   final sixty days later.  See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1(a));[4]

11   Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994)

12   ("[a] state conviction and sentence become final for purposes of retroactivity

13   analysis when the availability of direct appeal to the state courts has been

14   exhausted and the time for filing a petition for a writ of certiorari has elapsed or a

15   timely filed petition has been finally denied.") Although Petitioner does not give

16   precise dates with regard to conviction, the Court will give him the benefit of the

17   doubt and determine for purposes of this OSC that his conviction became final

18   sixty days after December 31, 1998.  Thus, for purposes of this OSC, the Court

19   finds that the AEDPA's one-year statute of limitations period expired on February

20   29, 2000.  28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d

21   1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day

22   following the day of the triggering event pursuant to Fed. R. Civ. P. 6(a)).

23

24        [3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court

25   (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

26        [4] Former California Rules of Court 30.1(a), renumbered as Rule 8.308,

27   effective January 1, 2007, provides that, except in certain limited circumstances
     not relevant here, "a notice of appeal must be filed within 60 days after the

28   rendition of the judgment or the making of the order being appealed."

1   Petitioner did not constructively file the current Petition until July 26, 2008, over

2   eight years beyond the expiration of the limitation period.  Thus, unless Petitioner

3   is entitled to statutory or equitable tolling or an alternate start date to the

4   AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the

5   current Petition is untimely.

6   **C.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**

7        **2244(d)(2)**

8        Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

9   properly filed application for State post-conviction or other collateral review with

10  respect to the pertinent judgment or claim is pending shall not be counted toward

11  any period of limitation under this subsection."  Patterson, 251 F.3d at 1247.

12       The United States Supreme Court has held the statute of limitations is

13  tolled where a petitioner is properly pursuing post-conviction relief.  Carey v.

14  Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260

15  (2002).  The period tolled includes the intervals between one state court's

16  disposition of a habeas petition and the filing of a habeas petition at the next level

17  of the state court system.  Id.  In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

18  1999), the Ninth Circuit held that "the statute of limitations is tolled from the time

19  the first state habeas petition is filed until the California Supreme Court rejects

20  the petitioner's final collateral challenge."  Claims denied as untimely or

21  determined by the federal courts to have been untimely in state court will not

22  satisfy the requirements for statutory tolling.  Evans v. Chavis, 546 U.S. 189, 192-

23  93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[5]

24  _____

25       [5] The Court in Evans held that a California Supreme Court order silent on

26  the grounds for the court's decision is not equivalent to a holding that the filing

    was timely.  Evans, 546 U.S. at 197-98.  Thus, in the absence of clear direction or

27  explanation from the California Supreme Court about the meaning of the term

28  "reasonable time" (in which to file a habeas petition), or clear indication that a

1    As set forth above, for purposes of this OSC, the Court has determined that

2    Petitioner's conviction became final sixty days after December 31, 1998, and the

3    the AEDPA's one-year statute of limitations period expired on February 29, 2000.

4    Statutory tolling is unavailable where, as here, Petitioner's first state habeas

5    petition in the Los Angeles County Superior Court was not filed until  2007,

6    approximately six years after the expiration of the AEDPA limitations period.

7    (Pet. at 4.)  Section 2244(d) does not permit the reinitiation of the AEDPA

8    limitations period that has ended before a state habeas petition is filed.  Ferguson

9    v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not

10   permit the reinitiation of the limitations period that has ended before the state

11   petition was filed," even if the state petition was timely filed); see also Jiminez v.

12   Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894,

13   898-99 (9th Cir. 2001).  For the same reason, Petitioner is not entitled to statutory

14   tolling for the habeas petitions he filed in the California Court of Appeal or the

15   California Supreme Court.

16   Additionally, the state supreme court denied the last habeas petition with

17   citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).  (Pet. at 4; Official Records

18   of California Courts.)  The pinpoint citation in Robbins deals entirely with the

19   issue of timeliness with respect to a habeas corpus petition.  As a result, the state

20   supreme court denied the petition on timeliness grounds.  Claims denied as

21   untimely or determined by the federal courts to have been untimely in state court

22   will not satisfy the requirements for statutory tolling.  Evans, 546 U.S. at 192-93

23

24   _____

25   particular request for appellate review was timely or untimely, the federal court
     must itself examine the delay in each case and determine what the state courts

26   would have held with respect to timeliness.  Id. at 198.  That is, "the federal court
     must decide whether the filing of the request for state-court appellate review (in

27   state collateral review proceedings) was made within what California would

28   consider a 'reasonable time.'"  Id.

6

1  (citing Carey, 536 U.S. at 222-23).

2   Since Petitioner filed his state habeas petitions well after the AEDPA

3  limitations expired, he may not avail himself of statutory tolling to render the

4  current Petition timely.  Thus, absent equitable tolling or an alternate start date for

5  the statute of limitations, it appears that the current Petition is untimely.

6  **D. Equitable Tolling**

7   The one-year limitation period is subject to equitable tolling if a petitioner

8  demonstrates:  "(1)  that he has been pursuing his rights diligently, and (2) that

9  some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.[6]  A

10  petitioner bears the burden of alleging facts that would give rise to tolling.  Id.

11  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very

12  high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063,

13  1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high

14  bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging

15  prompt filings in federal court in order to protect the federal system from being

16  forced to hear stale claims."  Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.

17  2003) (internal quotation marks and citation omitted).  Equitable tolling

18  determinations are "highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d

19  1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304

20  F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

21  "turn[ ] on an examination of detailed facts").  The face of the Petition does not

22  set forth any facts showing that Petitioner is entitled to equitable tolling.  Thus, as

23

24    [6]  The Supreme Court in Pace noted that it has "never squarely addressed

25  the question whether equitable tolling is applicable to AEDPA's statute of

26  limitations."  Pace, 544 U.S. at 418 n.8.  The Supreme Court declined to consider
the issue in that case and assumed for the sake of argument that it did, because the

27  respondent assumed as much, and the petitioner was not entitled to tolling under

28  any standard.  Id.

set forth above, it appears that the current Petition is untimely.

**E.   Alternate Start of the Statute of Limitations**

      **1.   State-Created Impediment.**

      In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

      **2.   Newly Recognized Constitutional Right.**

      The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

      **3.   Discovery of Factual Predicate.**

      The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

/ / /

/ / /

/ / /

**IV.**

**ORDER**

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order.  In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition.  All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.  Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.  Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: September 3, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

9